**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

| | |
|---|---|
| In re:<br><br>**JB BOOKSELLERS, INC., a Kentucky corporation, et al.**<br><br>Debtors[1] | **Chapter 11**<br><br>**Case No. 10-53593 (tnw)**<br><br>**Jointly Administered** |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS,**
**METHODOLOGY, AND DISCLAIMER REGARDING**
**DEBTORS' SCHEDULES AND STATEMENTS[2]**

The Schedules of Assets and Liabilities and Statement of Financial Affairs (the "Schedules and Statements") filed by JB Booksellers, Inc., et al. (the "Debtors"), in the United States Bankruptcy Court, Eastern District of Kentucky, (the "Bankruptcy Court"), were prepared pursuant to 11 U.S.C. § 521 and Federal Rule of Bankruptcy Procedure 1007 by the Debtors' management and are unaudited. While those members of management responsible for the preparation of the Schedules and Statements have made a reasonable effort to ensure that the Schedules and Statements are accurate and complete based on information known to them at the time of preparation after reasonable inquiries, inadvertent errors may exist and/or the subsequent receipt of information may result in material changes in financial and other data contained in the Schedules and Statements that may warrant amendment of the same. Moreover, because the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, there can be no assurance that these Schedules and Statements are complete

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: JB Booksellers, Inc. (5130); Joseph-Beth Booksellers, LLC (6343); and Joseph-Beth Café, LLC (5705). The corporate headquarters address of these Debtors is 1727 Riverside Drive, Cincinnati, OH 45202.

[2] These Global Notes are followed by the Schedules of Assets and Liabilities or Statement of Financial Affairs.

1854364v1

or accurate.  These Global Notes comprise an integral part of the Schedules and Statements and should be referred to and considered in connection with any review of them.

1.    **Case**.  On November 11, 2010, (the "Commencement Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").  Unless otherwise indicated, the information provided is as of the close of business on November 10, 2010.

2.    **Amendments**.  The Debtors reserve their right to amend the Schedules and Statements in all respects at any time as may be necessary or appropriate, including, without limitation, the right to dispute or to assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, to liability, or to classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."  Any failure to designate a claim as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim is not "contingent," "unliquidated," or "disputed."

3.    **Estimates and Assumptions**.  The preparation of the Schedules and Statements requires the Debtors to make estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities on the date of the Schedules and Statements and the reported amounts of revenues and expenses during the reporting period.  Actual results could differ from those estimates.

4.    **Unknown Amounts**.  Some of the scheduled liabilities are unknown and unliquidated at this time.  In such cases, the amounts are listed as "Unknown."  Accordingly, the Schedules and the Statements do not accurately reflect the aggregate amount of the Debtors' liabilities.

5.      **Prepetition v. Post-Petition**.  The Debtors have sought to allocate liabilities between the pre-petition and post-petition periods based on the information from research that was conducted with the preparation of these Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between pre-petition and post-petition periods may change.

6.      **GAAP**.  Given the difference between the information requested in the Schedules and Statements, and the financial information utilized under generally accepted accounting principles in the United States ("GAAP"), the aggregate asset values and claim amounts set forth in the Schedules and Statements do not necessarily reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.

7.      **Asset Values**.  It would be prohibitively expensive, unduly burdensome, and time-consuming to obtain current market valuations of the Debtors' property interests.  Accordingly, to the extent any asset value is listed herein, and unless otherwise noted therein, net book values rather than current market values of the Debtors' property interests are reflected in the applicable Schedule.  As applicable, assets that have been fully depreciated or were expensed for accounting purposes have no net book value.  And, unless otherwise indicated, all asset amounts and claim amounts are listed as of the Commencement Date.

8.      **Setoff or Recoupment Rights**.  The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights, deposits posted by or on behalf of the Debtors, or inchoate statutory lien rights.

9.      **First-Day Orders**.  Pursuant to various motions filed with the Court, the Debtors are seeking authorization to pay certain outstanding pre-petition claims in the ordinary course of business, including, without limitation, claims relating to employee compensation, benefits,

reimbursable business expenses, and related administrative costs.  Accordingly, certain of the claims that would otherwise be listed in Schedules E and F as outstanding liabilities of the Debtors as of the Commencement Date have been paid and/or satisfied in the ordinary course of business as of the date of filing of the Schedules and Statements.  The Debtors have not included employee obligations on the Schedules as a result of such payments.  Other pre-petition obligations that existed on the commencement Date that have been paid pursuant to further Court order, have generally been listed.  To the extent such a claim is listed on the Schedules and Statements, inadvertently or otherwise, the Debtors do not waive any right to amend the Schedules and Statements or subsequently object to such claims.

10.    **Executory Contracts and Unexpired Leases**.  For purposes of the Schedules and Statements, the Debtors have only scheduled claims and executory contracts for which the Debtors may be contractually and/or directly liable.  While every reasonable effort has been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors or omissions may have occurred.  The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contract, agreement, or lease set forth on Schedule G that may have expired or may have been modified, amended, and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed on Schedule G.  Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth on Schedule G.  Certain of the executory agreements may not have been memorialized in writing and could be subject to dispute.  In addition, the Debtors may have entered into various other types of agreements in the ordinary

course of their businesses, such as easements, right of way, subordination, non-disturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements.  Such documents may not be set forth on Schedule G.  The Debtors reserve all of their rights to dispute or to challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim.  In the ordinary course of business, the Debtors may have entered into agreements, written or oral, for the provision of certain services on a month-to-month or at-will basis.  Such contracts may not be included on Schedule G.  But the Debtors reserve the right to assert that such agreements constitute executory contracts.  Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease.  The Debtors reserve all rights to challenge whether any of the listed contracts, leases, agreements or other documents constitute an executory contract or unexpired lease, including if any are unexpired non-residential real property leases.  Any and all of the Debtors' rights, claims, and causes of action regarding the contracts and agreements listed on Schedule G are hereby reserved and preserved.

11.    **Causes of Action**.  The Debtors reserve all of their causes of action.  Neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such cause of action.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights in these chapter 11 cases, including but not limited to the right to seek equitable subordination of any claim, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant nonbankruptcy laws to recover assets or avoid transfers.

12.    **Insiders**.  In the circumstances where the Schedules and Statements require information regarding insiders and/or officers and directors, included therein are each of the

5

Debtors' (a) directors (or persons in similar positions) and (b) employees that are, or were during the relevant period, officers (or persons in control). The listing of a party as an insider is not intended to be nor should it be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Further, certain employees have been included in the schedules and statements for informational purposes only and should not be deemed to be "insiders" in terms of control of the Debtors, management responsibilities or functions, decision-making or corporate authority and/or as otherwise defined by applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

13. **Payments to Creditors within 90 days.** Payments are listed by the Debtor making such payment or credited through general ledger sub-accounts pursuant to a consolidated cash management system in place, notwithstanding that certain payments may have been made on behalf of another entity. Included in this response are expense reimbursement payments made directly to employees.

14. **Summary of Significant Reporting Policies and Practices**. The following conventions were adopted by the Debtors in preparation of the Schedules and Statements:

a)      The Debtors' books and records are prepared on a consolidated basis under Joseph-Beth Booksellers, LLC. The Debtors have attempted where necessary or appropriate to list all assets and liabilities under the appropriate legal entity, however, certain errors may still exist. The Debtors reserve the right to amend the Schedules and Statements if and when additional information becomes available.

b)      Fair Market Value; Book Value. Unless otherwise noted therein, the Schedules and Statements reflect the carrying value of the liabilities as listed in the Debtors' books and records. Where the current market value of assets is unknown, the Debtors have based its valuation on book values; however, particularly with respect to machinery and equipment, the Debtors believe the actual value may be substantially lower. Where known, accumulated depreciation of assets has been noted.

c)      Inventories.  Inventories are valued in the Schedules and Statements at the values indicated on the Debtors' books and records.

d)      Leased Real and Personal Property.  In the ordinary course of their business, the Debtors lease real property and various articles of personal property, including, without limitation, furniture, fixtures and equipment, from certain third-party lessors.  All such leases are set forth in the Schedules and Statements.  The property subject to leases is not reflected in the Schedules and Statements as either owned property or assets of the Debtors or property or assets of third-parties within the control of the Debtors.  But nothing in the Schedules or Statements is or shall be construed as an admission or determination as to legal status of any lease (including whether to assume and assign or reject such lease or whether it is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to all such issues.

e)      Schedule B16.  For simplicity purposes, the Debtors combined all receivables relating to customer accounts into a summarized line item.  Denoting each receivable would have proved unduly burdensome and cost prohibitive.  If necessary, the Debtors are willing and able to provide a detailed listing of all such receivables derived from customers and advertisers.

f)      Employee Claims.  The Debtors have obtained entry from the Bankruptcy Court of an order authorizing the Debtors to pay prepetition and post-petition wages, salaries, benefits and other obligations.  The Debtors employed approximately 500 full-time employees as of the Commencement Date.  Accordingly, virtually all employee claims for wages, salaries, and benefits entitled to priority pursuant to section 507(a)(4) of the Bankruptcy Code against the Debtors have been paid and/or satisfied as of the date the Schedules and Statements were filed with the Court.

g)      Disputed, Contingent and/or Unliquidated Claims.  Schedules D, E, and F permit the Debtors to designate a claim as disputed, contingent, and/or unliquidated.  A failure to designate a claim on any of these Schedules and Statements as disputed, contingent, and/or unliquidated does not constitute an admission that such claim is not subject to objection.  The Debtors reserve the right to dispute, or assert offsets or defenses to, any claim reflected on these Schedules and Statements as to amount, liability, or status.

Neither the Debtors, their agents, nor their attorneys guarantee or warrant the accuracy, the completeness, or correctness of the data that is provided herein or in the Schedules and Statements, nor are any of the foregoing liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communication or delivering the information

herein. While every effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys and advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised or re-categorized. In no event shall the Debtors or their agents, attorneys and advisors be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys and advisors are advised of the possibility of such damages.

Dated:  December 3, 2010
        Lexington, Kentucky

Respectfully submitted,

DINSMORE & SHOHL LLP

*/s/      Ellen Arvin Kennedy*
Ellen Arvin Kennedy (KY# 88347)
Lexington Financial Center
250 West Main Street, Suite 1400
Lexington, KY  40507
Telephone:  859-425-1000
Facsimile:   859-425-1099
ellen.kennedy@dinslaw.com

Kim Martin Lewis (OH #0043533)
Patrick D. Burns (OH #00081111)
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio  45202
Telephone:  (513) 977-8200
Facsimile:  (513) 977-8141
kim.lewis@dinslaw.com
patrick.burns@dinslaw.com

Proposed Counsel for Debtors and
Debtors-in-Possession

B6 Summary (Official Form 6 - Summary) (12/07)

.

# United States Bankruptcy Court
### Eastern District of Kentucky

In re    **JB Booksellers, Inc.**                           ,     Case No.   **10-53593 (TNW)**

                                            Debtor                                   Chapter                **11**

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 3 | 489,720.00 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 7,018,757.34 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 3 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | 0.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I -  Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J -  Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 11 | | | |
| Total Assets | | | 489,720.00 | | |
| Total Liabilities | | | | 7,018,757.34 | |

B6A (Official Form 6A) (12/07)

In re __JB Booksellers, Inc._____,    Case No. ___10-53593 (TNW)_____

                                                                Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **None** | | | | |

|  |  |  |  |  |
|---|---|---|---|---|
| | | Sub-Total > | 0.00 | (Total of this page) |
| | | Total > | 0.00 | |

___0___ continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07)

.

In re    **JB Booksellers, Inc.**                                                                    ,    Case No.    **10-53593 (TNW)**
                                                                        Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | X | | | |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >                        **0.00**
(Total of this page)

_2_    continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **JB Booksellers, Inc.**                                                    ,    Case No.    **10-53593 (TNW)**
                                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **Joseph-Beth Booksellers, LLC 99% Membership Interest** | **-** | **Unknown** |
| | | **Joseph-Beth Cafe, LLC 25% Membership Interest** | **-** | **Unknown** |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | **Notes Receivable - Officer** | **-** | **489,720.00** |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

Sub-Total >      **489,720.00**
(Total of this page)

Sheet   **1**   of   **2**   continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **JB Booksellers, Inc.**                                              ,    Case No.    **10-53593 (TNW)**
                                        Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Sub-Total >    **0.00**
(Total of this page)

Sheet   **2**   of   **2**   continuation sheets attached
to the Schedule of Personal Property

Total >    **489,720.00**

(Report also on Summary of Schedules)

B6D (Official Form 6D) (12/07)

In re      **JB Booksellers, Inc.**                                                    ,     Case No.      **10-53593 (TNW)**
                                    Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. | | | 08/25/06 | | | | | |
| **GENERAL BENTON SMITH INC. C/O INGRAM BOOK GROUP, INC. 1 INGRAM BLVD LA VERGNE, TN 37086** | - | | **UCC Filing** **Collateral: Current and Future Membership Interests of Debtor and Debtor's Subsidaries** | X | X | X | | |
| | | | Value $              **Unknown** | | | | **Unknown** | **Unknown** |
| Account No. | | | Guaranty - Junior Participation Agreement | | | | | |
| **INGRAM BOOK GROUP INC. ATTN: PRESIDENT OR GENERAL COUNSEL 1 INGRAM BLVD LA VERGNE, TN 37086** | X | - | **Letter of Credit in the amount of $4,000,000.00;  Collateral: Secured by substantially all assets** | | | | | |
| | | | Value $              **Unknown** | | | | **0.00** | **Unknown** |
| Account No. | | | Guaranty - Pre-Petition Facility | | | | | |
| **WEBSTER BUSINESS CREDIT CORPORATION ATTN: ANDREW WIERMAN 73 BELMONT ST, SUITE 303 SOUTH EASTON, MA 02375** | X | - | **Revolving Line of Credit in the amount of $7,500,000.00;  Collateral: Secured by substantially all assets** | | | | | |
| | | | Value $              **Unknown** | | | | **7,018,757.34** | **Unknown** |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |

**0**      continuation sheets attached

|  | Subtotal (Total of this page) | 7,018,757.34 | 0.00 |
|---|---|---|---|
|  | Total (Report on Summary of Schedules) | 7,018,757.34 | 0.00 |

B6E (Official Form 6E) (4/10)

In re    **JB Booksellers, Inc.**                                                                    Case No.   **10-53593 (TNW)**
                                                  Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

**2**      continuation sheets attached

B6E (Official Form 6E) (4/10) - Cont.

In re    **JB Booksellers, Inc.**                            ,     Case No.    **10-53593 (TNW)**

Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | | AMOUNT ENTITLED TO PRIORITY |
| Account No. | | | | Sales and Use/Liquor Sales Tax | | | | | |
| **COMMONWEALTH OF KENTUCKY** **501 HIGH STREET** **FRANKFORT, KY 40601-2103** | - | | | | X | X | X | **Unknown** | **Unknown** |
| | | | | | | | | Unknown | Unknown |
| Account No. | | | | Federal Tax | | | | | |
| **INTERNAL REVENUE SERVICE** **CENTRALIZED INSOLVENCY** **OPERATION** **P.O. BOX 21126** **PHILADELPHIA, PA 19114-0326** | - | | | | X | X | X | **Unknown** | **Unknown** |
| | | | | | | | | Unknown | Unknown |
| Account No. | | | | Income/Franchise Tax | | | | | |
| **KENTUCKY DEPT. OF REVENUE** **PO BOX 1190** **FRANKFORT, KY 40619-0006** | - | | | | X | X | X | **Unknown** | **Unknown** |
| | | | | | | | | Unknown | Unknown |
| Account No. | | | | Income/Franchise Tax | | | | | |
| **KENTUCKY STATE TREASURER** **KENTUCKY REVENUE CABINET** **PO BOX 718** **FRANKFORT, KY 40602** | - | | | | X | X | X | **Unknown** | **Unknown** |
| | | | | | | | | Unknown | Unknown |
| Account No. | | | | Commercial Activity Tax | | | | | |
| **STATE OF OHIO** **P.O. BOX 530** **COLUMBUS, OH 43216-0530** | - | | | | X | X | X | **Unknown** | **Unknown** |
| | | | | | | | | Unknown | Unknown |

Sheet   **1**   of   **2**   continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

Subtotal
(Total of this page)

| | |
|---|---|
| 0.00 | |
| 0.00 | 0.00 |

B6E (Official Form 6E) (4/10) - Cont.

In re    **JB Booksellers, Inc.**                                         ,    Case No.    **10-53593 (TNW)**
_____
Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY / AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| Account No. | | | Income/Franchise Tax | | | | | |
| **TAX COMMISSIONER 4645 MONTGOMERY RD. NORWOOD, OH 45212** | - | | | X | X | X | Unknown | Unknown |
| | | | | | | | Unknown | Unknown |
| Account No. | | | Sales and Use/Liquor Sales Tax | | | | | |
| **TENNESSEE DEPT. OF REVENUE ANDREW JACKSON BUILDING 500 DEADERICK STREET NASHVILLE, TN 37242** | - | | | X | X | X | Unknown | Unknown |
| | | | | | | | Unknown | Unknown |
| Account No. | | | Federal Tax | | | | | |
| **UNITED STATES TREASURY INTERNAL REVENUE SERVICE OFFICE OF GENERAL COUNSEL 1500 LEESTOWN RD LEXINGTON, KY 40511** | - | | | X | X | X | Unknown | Unknown |
| | | | | | | | Unknown | Unknown |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |

Sheet _**2**_ of _**2**_ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | Subtotal (Total of this page) | 0.00 |
|---|---|---|
| | 0.00 | 0.00 |
| | Total (Report on Summary of Schedules) | 0.00 |
| | 0.00 | 0.00 |

B6F (Official Form 6F) (12/07)

In re    **JB Booksellers, Inc.** _____ ,    Case No.  __10-53593 (TNW)__ _____
                                        Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| __0__ continuation sheets attached | | | | Subtotal (Total of this page) | | | | |
| | | | | Total (Report on Summary of Schedules) | | | | 0.00 |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

B6G (Official Form 6G) (12/07)

.

In re   **JB Booksellers, Inc.**                       ,      Case No.   **10-53593 (TNW)**

                                    Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| | |

   **0**

\_\_\_\_\_ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com              

B6H (Official Form 6H) (12/07)

.

In re    **JB Booksellers, Inc.**                                                                    Case No.    **10-53593 (TNW)**
                                                                              ,
                                              Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
| --- | --- |
| **JOSEPH-BETH BOOKSELLERS, LLC**<br>**1727 RIVERSIDE DRIVE**<br>**CINCINNATI, OH 45202** | **INGRAM BOOK GROUP INC.**<br>**ATTN: PRESIDENT OR GENERAL COUNSEL**<br>**1 INGRAM BLVD**<br>**LA VERGNE, TN 37086**<br>   **Junior Participation Agreement** |
| **JOSEPH-BETH BOOKSELLERS, LLC**<br>**1727 RIVERSIDE DRIVE**<br>**CINCINNATI, OH 45202** | **WEBSTER BUSINESS CREDIT CORPORATION**<br>**ATTN: ANDREW WIERMAN**<br>**73 BELMONT ST, SUITE 303**<br>**SOUTH EASTON, MA 02375**<br>   **Pre-Petition Facility** |
| **JOSEPH-BETH CAFÉ, LLC**<br>**1727 RIVERSIDE DRIVE**<br>**CINCINNATI, OH 45202** | **INGRAM BOOK GROUP INC.**<br>**ATTN: PRESIDENT OR GENERAL COUNSEL**<br>**1 INGRAM BLVD**<br>**LA VERGNE, TN 37086**<br>   **Guaranty - Junior Participation Agreement** |
| **JOSEPH-BETH CAFÉ, LLC**<br>**1727 RIVERSIDE DRIVE**<br>**CINCINNATI, OH 45202** | **WEBSTER BUSINESS CREDIT CORPORATION**<br>**ATTN: ANDREW WIERMAN**<br>**73 BELMONT ST, SUITE 303**<br>**SOUTH EASTON, MA 02375**<br>   **Guaranty - Pre-Petition Facility** |

**0**
_____  continuation sheets attached to Schedule of Codebtors

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Eastern District of Kentucky

In re   **JB Booksellers, Inc.**                                      Case No.   **10-53593 (TNW)**
                                        Debtor(s)                     Chapter    **11**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Controller and Secretary of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___**12**___ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   **December  3, 2010**                          Signature   /s/ John Hayes Pate
                                                                  **John Hayes Pate**
                                                                  **Controller and Secretary**

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.