**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

| | |
|---|---|
| In re:<br><br>**JBB LIQUIDATING 2011 INC.,<br>(f/k/a JB BOOKSELLERS, INC.),** *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 10-53593 (tnw)<br><br>Jointly Administered |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' FIRST OMNIBUS
OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULES 3003 AND 3007**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"), by and through its undersigned counsel, hereby objects (this "Objection") to certain claims (the "Disputed Claims") filed against certain of the Debtors, listed on Exhibits A through G annexed to the *Declaration of Steven A. San Filippo in Support of Official Committee of Unsecured Creditors' First Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007* (the "San Filippo Declaration") submitted contemporaneously herewith.

In support of this Objection, the Committee respectfully states as follows:

**BACKGROUND**

1.     The Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code on November 11, 2010 (the "Petition Date").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors operated their businesses and are managing their affairs as debtors-in-possession.  As of the date hereof, no trustee or examiner

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: JBB Liquidating 2011 Inc. (f/k/a JB Booksellers, Inc.) (5130); JBB Liquidating 2011 LLC (f/k/a Joseph-Beth Booksellers, LLC) (6343); and JBC Liquidating 2011 LLC (f/k/a Joseph-Beth Café, LLC) (5705).  The corporate headquarters address of these Debtors is 1727 Riverside Drive, Cincinnati, OH 45202.

has been appointed in any of these chapter 11 cases. On November 19, 2010, the United States Trustee for the Eastern District of Kentucky appointed the Committee.

2.       Prior to the Petition Date, the Debtors operated eight full-service retail bookstores, offering a wide selection of recently released and classic books along with music, video, magazines, and other reading- and gift-related items, along with cafes attached to several of the bookstores. The Debtors also operated a health-and-wellness niche bookstore located in the Cleveland Clinic in Cleveland, Ohio.

3.       On April 20, 2011, the Debtors conducted an auction for the sale of substantially all of their assets, resulting in successful bids for (i) the Debtors' bookstore locations in Lexington, Kentucky, Cincinnati, Ohio, and Cleveland, Ohio as a going concern and (ii) the right to sell the inventories of the Debtors' bookstore locations in Memphis, Tennessee and Fredericksburg, Virginia through going-out-of-business sales. Subsequent to the auction, the liquidation bidder entered into an agreement to sell the inventory of the Memphis, Tennessee bookstore to a separate going-concern purchaser. On April 28, 2011, the Court entered an Order approving the sales of the Debtors' assets [Docket No. 507].

4.       On June 10, 2011, the Debtors and the Committee filed the *Joint Plan of Liquidation* with respect to the Debtors (the "Plan") [Docket No. 535]. The Debtors' general unsecured creditors were the only class entitled to vote to accept or reject the Plan, and the Debtors filed the *Declaration of Solicitation and Voting Representative Regarding Tabulation of Votes in Connection with the Joint Plan of Liquidation* with the Court on August 16, 2011,

indicating that creditors had voted overwhelmingly to accept the Plan [Docket No. 586]. The Court, in turn, entered an Order confirming the Plan on August 24, 2011 [Docket No. 603].[2]

## BAR DATES AND PROOFS OF CLAIM

5.On January 27, 2011, the Court entered an order establishing March 15, 2011 as the deadline for any party asserting a prepetition claim against the Debtors to file a proof of claim form in respect of such claim (the "General Bar Date") [Docket No. 260].

6.On June 30, 2011, the Court entered an order establishing July 29, 2011 at 5:00 p.m. (Prevailing Eastern Time) as the last date for any party asserting an administrative expense claim against the Debtors arising between the Petition Date and June 30, 2011 to file a proof of claim form relating thereto (the "Admin Bar Date" and collectively with the General Bar Date, the "Bar Dates") [Docket No. 260].

7.To date, approximately nine hundred proofs of claim have been filed in the Debtors' bankruptcy cases.

## JURISDICTION, VENUE AND STATUTORY PREDICATES

8.This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory bases for the relief requested herein are section 502 of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

## RELIEF REQUESTED

9.The Committee respectfully requests that the Court (a) modify or (b) disallow and expunge certain Disputed Claims, as set forth herein, because the Disputed Claims (i) were filed by parties to whom the Debtors owe no liability, (ii) contain incorrect amounts, (iii) were filed

---

[2] On the effective date of the Plan, all of the Debtors' remaining assets to vest in the liquidating trustee appointed pursuant to the Plan. Under the terms of the Plan, the liquidating trustee will prosecute this Objection in the place of the Parties if this Objection remains pending after the effective date of the Plan.

3

after the applicable bar date had expired, (iv) asserted a claim in the improper class, (v) were amended and superceded by or are duplicative of another claim or claims, (vi) were filed without adequate supporting documentation, or (vii) were satisfied after the Petition Date.

## BASIS FOR RELIEF REQUESTED

10. Section 502(b) of the Bankruptcy Code provides in pertinent part that:

> the court, after notice and a hearing, shall determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that . . . such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S.C. § 502(b)(1).

**A.   No-Liability Claims**

11. The Disputed Claims set forth on Exhibit A to the San Filippo Declaration (the "No-Liability Claims") are those claims filed by parties to whom the Debtors owe no liability. The No Liability Claims do not represent valid claims against the Debtors' estates.

12. Pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a bankruptcy estate only to the extent that it has a "right to payment" for the asserted liability. See 11 U.S.C. §§ 101(5) and 101(10). By contrast, a claimant has no right to payment—and therefore no claim—to the extent that the asserted liability is not due and owing by a debtor.

13. The Committee believes, based on a review of the Debtors' books and records, that the claimants included on Exhibit A have no right to payment, and that the No-Liability Claims therefore are asserted in error.

14. The Committee objects to the No Liability Claims because the Debtors' estates (through the Liquidating Trust, as defined in the Plan) should not be required to pay a claimant to

whom the Debtors owed no prepetition liability, at the expense of general unsecured creditors, and hereby respectfully requests that each of the No Liability Claims set forth on Exhibit A be disallowed in its entirety and expunged.

**B.    Incorrect Amount Claims**

15.     The Disputed Claims listed on Exhibit B annexed to the San Filippo Declaration (the "Incorrect Amount Claims") list claim amounts that are inconsistent with the Debtors' books and records or with applicable provisions of the Bankruptcy Code.

16.     As noted above, pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a bankruptcy estate only to the extent that it has a "right to payment" for the asserted liability.  See 11 U.S.C. §§ 101(5) and 101(10).

17.     The Committee believes, based on a review of the Debtors' books and records, that the claimants listed on Exhibit B have a right to payment that is less than the amount of their Disputed Claim.  The Committee hereby objects to the Incorrect Amount Claims and requests that an order be entered allowing such claims only in the amounts and classifications set forth in the "Modified Amount" columns of Exhibit B to the San Filippo Declaration.

**C.    Late-Filed Claims**

18.     The Disputed Claims set forth on Exhibit C to the San Filippo Declaration (the "Late-Filed Claims") must be disallowed because they were filed after the applicable Bar Date had expired.

19.     A claim shall not be allowed if "proof of such claim is not timely filed, except to the extent tardily filed as permitted under . . . the Federal Rules of Bankruptcy Procedure[.]" 11 U.S.C. § 502(b)(9).  Absent proof of excusable neglect or good cause, failure to timely file a

5

proof of claim is grounds for disallowance of a creditor's claim. See, e.g., In re M.J. Waterman & Assocs., Inc., 227 F.3d 604, 608 (6th Cir. 2000).

20. Claimants asserting prepetition claims against the Debtors were required to file proofs of claim on or before the General Bar Date. Claimants asserting administrative expense claims against the Debtors arising between the Petition Date and June 29, 2011 were required to file proofs of claim on or before the Admin Bar Date. Each claimant that filed a Late-Filed Claim did so after the applicable Bar Date had expired. Accordingly, the Committee objects to the Late-Filed Claims as time-barred and requests that the Court enter an order disallowing in full and expunging the Late-Filed Claims.

**D.    Incorrect Class Claims**

21. The Disputed Claims set forth on Exhibit D to the San Filippo Declaration (the "Incorrect Class Claims") incorrectly classify the asserted claim amounts.

22. As noted above, pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a bankruptcy estate only to the extent that it has a "right to payment" for the asserted liability. See 11 U.S.C. §§ 101(5) and 101(10).

23. The Committee believes, based on a review of the Debtors' books and records, that each claimant listed on Exhibit D has a right to payment from the Debtors' estates, but that such right to payment is of a different classification than was asserted on the claimant's proof of claim form. The Committee hereby objects to the Incorrect Class Claims and requests that an order be entered allowing such claims only in the amounts and classifications set forth in the columns entitled "Modified Claim Classification" on Exhibit D to the San Filippo Declaration.

6

**E.   Amended Claims**

24.    The Disputed Claims listed on Exhibit E to the San Filippo Declaration are those claims that have been amended and superceded by, or are otherwise duplicative of, the subsequently filed proofs of claim identified under the column titled "Remaining Claim Number" (the "Amended Claims").

25.    The Amended Claims no longer represent valid claims against the Debtors' estates.  Failure to disallow the Amended Claims could result in the applicable claimants receiving an unwarranted double recovery against the Debtors' estates, to the detriment of other unsecured creditors in these cases.

26.    The Committee hereby objects to the allowance of each of the Amended Claims and respectfully request that the Disputed Claims under the column heading "Duplicate or Amended Claim to be Disallowed" be disallowed in their entirety and expunged.  This relief will (i) prevent the holders of Amended Claims from obtaining a double recovery on account of any single obligation and (ii) limit such claimants to a single claim for those amounts currently asserted by the claimant.  This relief is necessary to prevent the allowance of claims that, by their nature, have been duplicated or superceded, yet remain on the Debtors' claims register.

27.    If the Committee's objection to the Amended Claims is sustained, the claims listed under the column heading "Remaining Claim Number" will remain on the Claims Register, subject to the Committee's right to object on any other permissible grounds under bankruptcy or nonbankruptcy law, including grounds other than those asserted in this Objection.  Therefore, any claimant holding an Amended Claim will suffer no prejudice by having such claim disallowed.

**F.     Insufficient Documentation Claim**

28.     The Disputed Claim identified on Exhibit F to the San Filippo Declaration was filed without sufficient supporting documentation to ascertain the basis or amount of the liability being asserted (the "Insufficient Documentation Claim").

29.     To comply with the requirements for filing a claim, "a claimant must allege facts sufficient to support a legal basis for the claim. If the assertions in the filed claim meet this standard of sufficiency, the claim is prima facie valid pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure." In re Planet Hollywood Int'l, 274 B.R. 391, 394 (Bankr. D. Del. 2001) (citation omitted).

30.     The claimant asserting the Insufficient Documentation Claim failed to allege facts to support its claim and after reasonable efforts to research such claim, the Committee finds no basis for the Insufficient Documentation Claim. Therefore, the Insufficient Documentation Claim is not *prima facie* valid. See In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992) ("[T]he claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is 'prima facie' valid."). Therefore, the Committee objects to the Insufficient Documentation Claim and requests that an order be entered disallowing in full and expunging the Insufficient Documentation Claim.

**G.     Satisfied Claims**

31.     The Disputed Claims listed on Exhibit G to the San Filippo Declaration are claims that were scheduled in the Debtors' schedules of assets and liabilities, but which were satisfied after the Petition Date in the manner set forth in the column of Exhibit G entitled "Basis for Removal from Unsecured Creditor Pool" (the "Satisfied Claims").

32.  As noted above, pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a bankruptcy estate only to the extent that it has a "right to payment" for the asserted liability.  See 11 U.S.C. §§ 101(5) and 101(10).

33.  Because the Satisfied Claims have been paid or otherwise satisfied, the creditors holding the Satisfied Claims no longer have a right to payment from the Debtors' estates on account of the Satisfied Claims.  Accordingly, the Committee objects to the Satisfied Claims and requests that an order be entered disallowing in full and expunging the Satisfied Claims.

34.  The Disputed Claims described herein are unenforceable against the Debtors' estates because they (i) were filed by parties to whom the Debtors owe no liability, (ii) contain incorrect amounts, (iii) were filed after the applicable bar date had expired, (iv) asserted a claim in the improper class, (v) were amended and superceded by or are duplicative of another claim or claims, (vi) were filed without adequate supporting documentation, or (vii) were satisfied during the course of the Debtors' bankruptcy cases.  Therefore, pursuant to § 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007, the Court should disallow or modify each Disputed Claim as set forth herein.

## RESPONSES TO THE OBJECTION

35.  **Filing and Service of Responses**:  To contest this Objection, a claimant must file and serve a written response hereto (a "Response") so that it is actually received by the Clerk of the Bankruptcy Court no later than 4:00 p.m. (prevailing Eastern Time) on September 21, 2011.  Claimants should locate their names and claims in the Exhibits annexed to the San Filippo Declaration, and read the Exhibits and the Proposed Order carefully.  A Response must address each ground upon which the Committee objects to a particular claim.  A hearing (the "Hearing") to consider this Objection will be held on September 28, 2011 at 9:30 a.m. (Prevailing Eastern

Time), before the Honorable Tracey N. Wise, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of Kentucky, Third Floor Courtroom, 100 East Vine Street, Lexington, Kentucky 40507.

36. Every Response shall be filed and served upon the following entities at the following addresses: (a) Office of the Clerk of the United States Bankruptcy Court, 100 East Vine Street, Lexington, Kentucky 40507; (b) Frost Brown Todd LLC, 250 West Main Street, Suite 2800, Lexington, Kentucky 40507, Attention: Adam R. Kegley, Esq.; and (c) Lowenstein Sandler PC, 65 Livingston Avenue, Roseland, New Jersey 07068, Attention: Bruce Buechler, Esq. and Andrew Behlmann, Esq.

37. **Content of Responses**: Every Response to this Objection must contain, at a minimum, the following:

>(a) a caption setting forth the name of the Bankruptcy Court, the above-referenced case number, and the title of the Objection to which the Response is directed; the name of the claimant and description of the basis for the amount of the claim;

>(b) a concise statement setting forth the reasons why a particular claim should not be modified or disallowed for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which the claimant will rely in opposing the Objection at the Hearing;

>(c) all documentation or other evidence of the claim in question, to the extent not already included with the claimant's proof of claim, upon which the claimant will rely in opposing the Objection at the Hearing;

>(d) the name, address, telephone number, and fax number of the person(s) (which may be the claimant or a legal representative thereof) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on behalf of the claimant; and

(e) the name, address, telephone number, and fax number of the person(s) (which may be the claimant or a legal representative thereof) to whom the Committee should serve any reply to the Response.

38. **Service Address**: If a Response contains an address for the claimant different from that stated on the claim, the address in the Response shall constitute the service address for future service of papers upon the claimant with respect to the Objection unless and until the Committee receives written notice from the claimant or the claimant's counsel of a changed service address.

39. **Timely Response Required; Hearing; Replies**: If a Response is properly and timely filed and served in accordance with the above procedures, the Committee will endeavor to reach a consensual resolution with the claimant. If no consensual resolution is reached, the Court will conduct the Hearing with respect to the Objection and the Response on September 28, 2011 at 9:30 a.m. (Prevailing Eastern Time), or such other date and time as parties filing Responses may be notified. Only those Responses made in writing and timely filed and received in accordance herewith will be considered by the Court at any such hearing. The Committee reserves the right to adjourn the Hearing with respect to a specific objection set forth herein and any Response thereto.

40. If a claimant whose claim is subject to the Objection, and who is served with the Objection, fails to file and serve a timely Response in compliance with the foregoing procedures, the Committee will present to the Court an appropriate order modifying or disallowing the Disputed Claim as set forth herein, without further notice to the claimant.

41. The Committee may, at its option, file and serve a reply to a claimant's Response no later than three days prior to any hearing on the Objection. This Objection shall constitute a request to the Court for leave to file such reply.

## RESERVATION OF RIGHTS

42. The Committee reserves all rights to object to any of the Disputed Claims on any other or further grounds, whether or not set forth herein.

## NO PRIOR REQUEST

43. No prior request for the relief sought herein has been made by the Committee to this or any other Court.

## NOTICE

44. A copy of this Objection has been served electronically to all parties receiving notice through the Court's CM/ECF system and by First Class Mail, postage prepaid, to each of the claimants identified on Exhibits A through G to the San Filippo Declaration. The Committee submits that in light of the relief requested herein, no other or further notice is required.

## CONCLUSION

**WHEREFORE**, the Committee respectfully requests that the Court enter an order substantially in the form submitted herewith sustaining this Objection in all respects and granting such other and further relief as is just and proper.

## **NOTICE OF HEARING**

Notice is hereby given that the foregoing Objection will be heard by the Court on September 28, 2011 at 9:30 a.m. (Prevailing Eastern Time) or as soon thereafter as counsel may be heard in the United States Bankruptcy Court for the Eastern District of Kentucky, Third Floor Courtroom, 100 East Vine Street, Lexington, Kentucky 40507.

Dated:  August 29, 2011
        Lexington, KY


Respectfully Submitted,

     */s/ Adam R. Kegley*
Adam R. Kegley, Esq.
Frost Brown Todd LLC
250 West Main Street, Suite 2800
Lexington, KY 40507
Telephone: 859-231-0000
Facsimile: 859-231-0011
akegley@fbtlaw.com

-and-

Bruce S. Nathan, Esq.
Bruce Buechler, Esq.
Andrew Behlmann, Esq.
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212-262-6700
Facsimile: 212-262-7402
bnathan@lowenstein.com
abehlmann@lowenstein.com
**CO-COUNSEL FOR THE OFFICIAL
COMMMITTEE OF UNSECURED
CREDITORS**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Objection was served on this, the 29th day of August 2011, electronically to all parties receiving notice through the Court's CM/ECF system and by First Class Mail, postage prepaid, to all creditors listed on Exhibits A through G to the San Filippo Declaration.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Adam R. Kegley
　　　　　　　　　　　　　　　　　　　　　　　　**CO-COUNSEL TO THE COMMITTEE**